UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sung Mo Jun,   Civ. No. 22-2704 (JWB/ECW)

    Petitioner,

v.   **ORDER ACCEPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE**

B. Eischen,

    Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge Elizabeth Cowan Wright dated June 30, 2023. (Doc. No. 31.) Petitioner has filed a document titled "Motion for De Novo Review" in response to the R&R. (Doc. No. 32.) Petitioner's document is construed as an objection to the R&R.

The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th

Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed Petitioner's objections to the June 30, 2023 R&R. Petitioner's objections do not identify any error of law or fact that warrant rejecting the recommendations in the R&R. Specifically, Petitioner argues that he should have been earning FSA time credits at a rate of 15 days, instead of 10 days, per 30 days of participation in eligible programs and activities from June 20, 2022 and requests retroactive application of those credits. (Doc. No. 32 at 2.) As the R&R correctly notes, courts in this district have considered and rejected the theory for retroactive time credits that Petitioner advances. *See, e.g.*, *Laksonen v. Eischen*, Civ. No. 22-2868 (KMM/JFD), 2023 WL 3072434, at *3 (D. Minn. Apr. 25, 2023) (rejecting request to apply 15-day rate from "the point when a person is initially assessed as presenting minimum or low risk of recidivism.").

Next, Petitioner asserts that his retroactive time-credit application is based on the statutory language "reward," which he argues the "R&R does not even mention or include the word . . . as if the Court has been avoiding to use this keyword intentionally." (Doc. 32 at 2.) However, the R&R expressly cites the language "incentives and rewards for prisoners" from 18 U.S.C. § 3632(d). (Doc. No. 31 at 6.) Even so, classifying time

credits as "incentives and rewards" does not change the date upon which a particular rate is applied. *Laksonen*, 2023 WL 3072434, at *3.

Finally, Petitioner asserts that he is entitled to an earlier home confinement date. But because Petitioner is not challenging the fact or duration of his confinement, the Court lacks jurisdiction over his claim. *See Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014) (noting that habeas is not the proper remedy and courts lack jurisdiction over place of confinement).

And, after carefully reviewing all other portions of the R&R not specifically objected to, the Court finds that the R&R is neither clearly erroneous nor contrary to law.[1] Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1.  Petitioner Sung Mo Jun's Objections to Magistrate's Report and

---

[1]  Petitioner has also filed a letter seeking "permission to ask a question with regard to finding a proper legal vehicle to request a Habeas relief from harm caused by BOP's medical mal-practice and their disingenuous administrative remedy procedure." (Doc. No. 18.) The Court cannot provide Petitioner with legal advice. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("A pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party."); *Graham v. Reishus*, No. 23-CV-0263 (JWB/DLM), 2023 WL 3984757, at *2 (D. Minn. June 13, 2023) ("[Petitioner's letter] appears to ask for legal advice about how the proceed with his claim. The Court, however, cannot provide legal advice to parties, including a *pro se* party like [petitioner]."). Additionally, the Court notes that Petitioner did not include any claim related to medical malpractice in the initial petition, nor has he amended the petition to do so.

Recommendations (Doc. No. 32) are **OVERRULED**;[2]

2. The Report and Recommendation (Doc. No. 31) is **ACCEPTED**;

3. Petitioner Sung Mo Jun's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**;

4. Petitioner Sung Mo Jun's Motion for Expedited Relief with Regards to the Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 19) is **DENIED AS MOOT**;

5. Petitioner Sung Mo Jun's Letter request for "permission to ask a question with regard to finding a proper legal vehicle to request a Habeas relief from harm caused by BOP's medical mal-practice and their disingenuous administrative remedy procedure" (Doc. No. 18) is **DENIED**;

6. Petitioner Sung Mo Jun's Urgent Request for Ruling for Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241 (Doc. No. 29) is **DENIED AS MOOT**; and

7. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 11, 2023

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge

---

[2] To the extent that Petitioner Sung Mo Jun intended to move for de novo review of any aspect of the R&R not specifically objected to, the Court denies that motion.